IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOST REVEREND LAWRENCE T. PERSICO, BISHOP OF THE ROMAN CATHOLIC DIOCESE OF ERIE, et al., | CIVIL ACTION NO. 1:13-00303 |
| PLAINTIFFS | JUDGE ARTHUR J. SCHWAB |
| v. | |
| KATHLEEN SEBELIUS, et al., | |
| DEFENDANTS. | |
| MOST REVEREND DAVID A. ZUBIK, BISHOP OF THE ROMAN CATHOLIC DIOCESE OF PITTSBURGH, et al., | |
| PLAINTIFFS, | CIVIL ACTION NO. 2:13-cv-001459 |
| v. | JUDGE ARTHUR J. SCHWAB |
| KATHLEEN SEBELIUS, et al., | |
| DEFENDANTS. | |

**[PROPOSED] FINAL JUDGMENT AND ORDER**

Upon consideration of the Unopposed Motion to Convert Preliminary Injunction Into Permanent Injunction, Plaintiffs' Memorandum in support, and the Government's Notice of Non-Opposition, as well as the Memorandum and declarations in support and in opposition to Plaintiffs' Motions for Expedited Preliminary Injunction (13-cv-1459: Doc. No. 4; 13-cv-0303: Doc. No. 6), the testimony and evidence received at the November 12 and 13, 2013 Preliminary Injunction Hearing, the Parties' oral argument during the Preliminary Injunction Hearing and for the reasons set forth in the Court's November 21, 2013 Memorandum Opinion which includes

the Court's Findings of Fact and Conclusions of Law (Doc. No. 75),

THE COURT hereby expressly incorporates, adopts, re-affirms, and follows its November 21, 2013 Memorandum Opinion (Doc. No. 75).

THE COURT hereby finds:

- Defendants have conceded that they would not present any additional evidence if the Court ordered briefing and a hearing before granting a permanent injunction;
- The Court's November 21, 2013 Memorandum Opinion is a sufficient basis to grant a permanent injunction;

THE COURT further hereby finds, based on the Government's concession that it would not present additional evidence and for the reasons stated in the Court's November 21, 2013 Memorandum Opinion:

- Plaintiffs have met their burden of demonstrating a substantial burden on their religious exercise;
- The Government has not met its burden of demonstrating that it used the least restrictive means of achieving any compelling governmental interest; and
- Therefore, Plaintiffs have established actual success on their claim that the requirements imposed upon the Plaintiffs in 42 U.S.C. § 300gg-13(a)(4), and as further regulated by 45 C.F.R. § 147.130(a)(1)(iv), violate the Religious Freedom Restoration Act, 42 U.S.C.A. § 2000bb-1;

THE COURT hereby finds that Plaintiffs have satisfied all four elements of the permanent injunction standard as articulated in *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001), based on the foregoing Findings, based on the Government's concession that it would not present additional evidence, and for the reasons stated in the Court's November 21, 2013 Memorandum Opinion.

IT IS HEREBY ORDERED that Plaintiffs' Unopposed Motion to Convert Preliminary Injunction Into Permanent Injunction is hereby GRANTED;

IT IS FURTHER ORDERED that Defendants, their agents, officers, and employees are hereby ENJOINED from applying or enforcing the requirements imposed in 42 U.S.C. § 300gg-13(a)(4) and as further regulated by 45 C.F.R. § 147.130(a)(1)(iv) upon the Plaintiffs, including:

(a) Plaintiffs Most Reverend David A. Zubik and Most Reverend Lawrence T. Persico shall not have to sign or authorize any entity under their control to sign the self-certification form;

(b) Plaintiffs The Roman Catholic Diocese of Pittsburgh and The Roman Catholic Diocese of Erie shall be allowed to continue sponsoring their health plans, including through the Pittsburgh Series of the Catholic Employers Benefits Trust, without having to comply with the Mandate, including the accommodation;

(c) Plaintiffs Catholic Charities of the Diocese of Pittsburgh, Inc.; St. Martin Center, Inc.; Prince of Peace Center, Inc.; and Erie Catholic Preparatory School shall not have to comply with the Mandate, including the accommodation;

IT IS FURTHER ORDERED that Defendants shall send Notice of this permanent injunction to Plaintiffs' Third Party Administrators, Highmark, Inc. and UPMC, on or before _____ (10 days from entry of this Order), with a copy to Plaintiffs' counsel and to the Court; and

IT IS FURTHER ORDERED that a bond in the amount of zero (0) dollars is appropriate.

THIS COURT shall retain jurisdiction to enforce this Final Judgment and Order.

SO ORDERED, this \_\_\_ day of _____, 201\_\_.

_____
Hon. Arthur J. Schwab
United States District Judge